MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Freddy Ovando-Ocana,<br>　　　　　Defendant/Movant. | No.  CV 15-0177-PHX-DGC (BSB)<br>CR 08-0611-PHX-DGC<br>**ORDER** |

　　　　On February 2, 2015, Movant Freddy Ovando-Ocana, who is confined in the Management & Training Corporation's Giles W. Dalby Correctional Facility in Post, Texas, filed a *pro se* "Motion to Ask for the Sentence Deduction."  In a February 24, 2015 Order, the Court advised Movant that the Court could not construe his Motion as a motion pursuant to 18 U.S.C. § 3582(c), notified Movant that the Court intended to construe his Motion as a motion pursuant to 28 U.S.C. § 2255, warned Movant of the consequences of such a recharacterization, and gave Movant 30 days to file either (a) a notice withdrawing his Motion or (b) an amended "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)."

　　　　On March 9, 2015, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4).  The Court will summarily dismiss the Amended § 2255 Motion.

### I. Procedural History

Pursuant to a plea agreement, Movant pled guilty to using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The plea agreement provided for a sentencing range of 60 to 180 months. On December 14, 2009, the Court sentenced Movant to a 120-month term of imprisonment, followed by 3 years on supervised release.

Movant seeks a reduction of his sentence. Movant notes that he is ineligible for a sentence reduction under United States Sentencing Guideline Amendment 782, but nevertheless requests a sentence reduction, noting that because he is a deportable alien, Movant is ineligible for early release to a half-way house or a camp.

### II. Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

### III. Waiver

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of the sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of Movant's plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the superseding indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. **The defendant further waives:** . . . **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case**.

(Doc. 305) (emphasis added). Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 305).

Movant's assertions in the Amended § 2255 Motion pertain to his sentence and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in the Amended § 2255 Motion. Thus, the Court will summarily dismiss the Amended § 2255 Motion.

**IT IS ORDERED:**

(1) The Clerk of Court must **terminate** Doc. 410 in CR 08-0611-PHX-DGC.

(2) The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 4 in CV 15-0177-PHX-DGC (BSB)) is **denied** and the civil action opened in connection with the original § 2255 Motion (CV 15-0177-PHX-DGC (BSB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of April, 2015.

---
David G. Campbell
United States District Judge